218-0857, Meijer v. The Workers' Compensation Commission Counsel, you may proceed. Thank you, Your Honor. May it please the Court that Victor E. Meijer be acquitted of violence. I'll be extremely brief. As you know, this case involves a dismissal of an appeal at the circuit court level for failure to file a timely bond. Could you speak up just a little bit? Yes, thank you. Failure to file a timely bond, and I do understand the leading precedent that is at work here. However, I believe that I can summarize my argument as follows. As it relates to the statute itself, 19F2, we have a law which includes a mandate that no summons may be filed, and includes no section relative to no request for summons issuing. That's the other way around, I'm sorry. 19F1 is a mandate that no request for summons may be filed, and also includes no summons shall be issued without the notice of intent. That section clearly is jurisdictional, and includes that portion that suggests that you can't even file this appeal without the notice of intent. 19F2 has language that starts with a mandate that no summons may be issued, which specifically excludes that which is included in 19F1. It does not say that no request for summons may be filed along with that section of the statute. For that reason, it's our argument that when you take those two sections together and compare them, the legislative intent on that would suggest that there is a difference between those two sections, and that difference would be that the bond itself is not jurisdictional.  Clearly it's there to protect in case there is no funds from the employer in the event that they were unsuccessful. And the protections involved with that section suggest that there will be no summons issued if the bond itself is filed. This difference suggests a difference in legislative intent, and suggests that the notice of intent is jurisdictional, and the bond is not. The filing of the bond would be the last act to trigger the issuance of the summons. And as you know, there's no requirement that the summons be issued within 20 days. The statute suggests that it has to be returnable in between 10 and 60 days. It's our suggestion that the bond can be filed within that period of time, which would allow the summons to be issued within that period of time. Is that consistent with the rulings of this panel, what you're just saying? It doesn't have to be filed at the same time? The way you press it, it's definitely against us in this regard. It's actually Supreme Court precedent, is it not? Illinois State Treasurer in Dresiska. I'm sorry? Illinois State Treasurer in Dresiska. They were both dismissed because the bond was not filed prior and said it was jurisdictional. Oh, really? Yeah. Again, I would say that this is a little bit different analysis in that regard. It's our request that you revisit it. But how can we revisit an Illinois Supreme Court decision? Can you tell me how we can do that and overrule the Supreme Court? I would suggest that in any case, note that the mill model would be able to be changed if you can at least take a look at the underpinnings of that and be able to suggest a different way of looking at it. You could also go to the legislature and make it clear. They could amend the rule. Agreed. Thank you, counsel. Counsel, you may respond. Thank you, Mr. Speaker. Prince Sumar on behalf of Jeffrey Sumar. There is a late precedent that says that filing of a bond is jurisdictional. It shall be filed and upon filing of the request for summons to issue. The courts have required strict compliance with the law. It's something that's fine as to who signs the bond. And I think the Supreme Court reached the correct decision. It's not really going to last that long from that decision. Okay. Thank you, counsel. You do have the right to reply. Oh, okay. Very good. Thank you. Thank you, counsel, for your argument in this matter. It will be taken under advisement and a written disposition shall issue.